# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Jason Goode,
  Plaintiff

3:15-CV-561 AVC

V.

Edward Maldonado,
Michael Pafumi
Tony Williams
Amy Griffin
Scott Erfi
Doughörty

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
4/16/2015                    20
Roberta D. Tabora, Clerk
By_____
      Deputy Clerk

## COMPLAINT

1. This is a civil rights action filed by Jason Goode (Plaintiff) declaratory, injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for violation of plaintiff's reasonable expectation of privacy under the Fourth Amendment; to be free from cruel and unusual punishment by way of unjustified bodily restraint as guaranteed by the Eighth Amendment of the United States Constitution and for violating plaintiff's rights to exercise his religion pursuant to the Religious

Land Use And Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc and under the First Amendment of the United States' Constitution.

## Parties

2. Plaintiff, Jason Goode, is a prisoner in the custody of the Connecticut Department of Correction who was confined at the Northern Correction Institution (NCI) in Somers, Connecticut when some of these events occurred, as described herein, but is now housed at the Corrigan Correction Center (Corrigan) in Uncasville.

3. Defendant Edward Maldonaldo (Maldonaldo) who was the Warden at the NCI. As such, he was responsible for the creation and enforcement of policies at the NCI, the training and supervision of persons working at the NCI, and the custody and care of inmates at the NCI. At all times, he was acting within the scope of his employment and under the color of state law. He is sued in his individual capacity

2

4. Defendant Micheal Pafumi (Pafumi) who was, then, a correction lieutenant at the NCI and responsible for the supervision of lower-line officers and overall oversight of correction officers and prisoners during any one work shift. At all relevant times, he was acting within the scope of his employment and under the color of state law. He is being sued in his individual capacity.

5. Defendant Tony Williams (Williams) who is a correction lieutenant at the NCI. At all relevant times, he was acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

6. Defendant Amy Griffin (Griffin) who was, then, a correction lieutenant at the NCI. At all times relevant, she was acting within the scope of her employment and under the color of state law. She is sued in her individual capacity.

3

7. Defendant Scott Erfi (Erfi) who was the, then, warden at the Corrigan\Radgowski Correction Center (CRCC). As such, he was responsible for the creation and enforcement of policies at CRCC, the training and supervision of persons working at CRCC, and the custody and care of inmates at CRCC. At all relevant times, he was working within the scope of his employment and under the color of state law. He is being sued in his individual capacity.

8. Defendant Dougherty who is a Correction Captain at the Corrigan Correction Center. At all relevant times, he was acting within the scope of his employment and under the color of state law. He is being sued in his individual and official capacities.

## Jurisdiction & Venue

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 because this action arises under the Constitution and laws of the United States and

4

pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks redress the deprivations of Constitutional rights under color of state law.

10. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and of the Federal Rules of Civil Procedure 57.

11. This Court has jurisdiction to grant injunctive relief pursuant to Federal Rule of Civil Procedure 65.

12. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because Defendants resides in this district and a part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## STATEMENT OF FACTS

Restraints: Deprivation of the right of bodily Liberty

13. On April 2, 2012, approximately at 3:30pm, Defendant Pafumi ordered a team of officers to remove the plaintiff from his cell (1-W\125) in the State's Supermax (Northern\NCI).

14. Defendant Pafumi instructed this team of officers to escort the plaintiff to another housing unit (3-E\119).

15. Defendant Pafumi finally ordered this team to place the plaintiff in shackles, tether chain, padlock, handcuffs and to secure the cell door.

16. The practice described in paragraph #15 is known as "In Cell-Restraint" status authorized by Administrative Directive no. 6.5

17. For two and a half days, plaintiff had soiled his clothing and was denied bathroom brakes

6

while on this status.

18. On April 3, 2012, Defendant Williams had direct contribution to the deprivation described in paragraph #17 of this complaint.

19. Plaintiff was placed on In-cell restraint status for declining, in a manner that was non-violent, to accept a cellmate.

Strip-Search: Violation to reasonable expectation of privacy

20. On June 5, 2012, at approximately 1:45 am in the NCI, Plaintiff was escorted by various correction officers to a strip-cell per the orders of Defendant Griffin.

21. Though a male lieutenant was in the surrounding area (of the Bell), Defendant Griffin singularly ordered officers to completely strip the Plaintiff free of his clothing while she watched for long moments of this process despite plaintiff's law-orient admonishments and admonishments of propriety.

7.

Restraints II: Deprivation of the right of bodily liberty

22. Following the events in paragraphs #20 and #21 of this complaint, Plaintiff was ultimately placed on In-cell restraint status for previously disruptive conduct by Defendant Griffin until the next morning while having remained bound, cold and calm.

23. During those several hours of being unjustifiably restrained, Plaintiff was denied bathroom breaks by Defendant Griffin; and as a result, urinated helplessly on himself.

24. Defendant Griffin maintained the Plaintiff in chains several hours after Plaintiff was calm and collected.

25. Defendant Griffin willfully, consciously, singularly and maliciously lied about actual incident times and other evidence to unjustifiably maintain plaintiff in torturous chains on June 5, 2012.

8

26. Plaintiff suffered loss of sensation in certain areas of his hands due to the excessive chaining.

## Tarot cards: Denial to religious exercise and freedom

27. Plaintiff was placed in RHU (Restrictive Housing Unit\seg.) in Corrigan C.I. on May 10, 2014 and subsequently had his approved Tarot cards confiscated from his person by a lieutentant upon admission to RHU.

28. While in segregation, on the date of May 14, 2014, Plaintiff wrote an Inmate Request form to Counselor Daily and Defendant Dougherty to have his Tarot card returned to him while in RHU.

29. Counselor Daily, responding on Defendant Dougherty's behalf stated that this religious item would be returned to me upon my release from seg.

9

30. I grieved this matter to Defendant Erfi who denied the grievance without any stated reasonable penalogical concern and assured me that at no time would Tarot cards be allowed in his RHU.

## Claims for Relief

31. Defendant Pafumi's actions of ordering that the Plaintiff be placed in chains and a locked cell without Plaintiff first having displayed any "acutely disruptive behavior" evinced the components of malicious and sadistic conduct of Defendant to satisfy a violation of Plaintiff's rights to be free from Cruel and Unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution.

32. The deliberate failure of both Defendants Pafumi & Williams to release Plaintiff from restraints when Plaintiff posed no physical threat to himself nor others violated Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment, prohibited by this Amendment itself.

33. The conscious failure of Defendants Pafumi and Williams to release Plaintiff from chains in order that the Plaintiff would have an opportunity to relieve himself for toilet breaks but allowed Plaintiff to soil himself with bodily waste endangered the Plaintiff's health and wellbeing and thus implicates the Eighth Amendment's clause to be free from cruel and unusual punishment.

34. The purposeful failure and/or refusual of Defendant Griffin (a then female lieutenant) to professionally and decorously excuse herself from the disrobing scene of the Plaintiff and have a readily available male lieutenant step in for this process violated, not only departmental policy, but also Plaintiff's Fourth Amendment Rights of the United States Constitution to a reasonable expectation of privacy

35. Defendant Griffin's actions\omissions were full of malice and were undeniably sadistic when she knowingly fabricated incident times and other evidence to further maintain plaintiff in chains when plaintiff had been composed.

Such misconduct by a state agent is violative of the Eighth Amendment and actionable under 42 U.S.C. § 1983.

36. Defendant Griffin's conscious and willful actions were the direct cause of plaintiff being in his bodily waste, thus endangering his future health by denying him bathroom breaks and falsifying documents, all of which are permissible for action under the Eighth Amendment of the United States Constitution.

37. Defendant Erfi, being responsible for the enforcement of institutional policies, denied plaintiff the right of religious exercise by affirming his denial in an institutional grievance of any further such desired religious practice absent a stating of a compelling governmental interest under the Religious Land Use And Institutional Persons Act as well as any legitimate penalogical reason under the free Exercise Clause of the First Amendment of the United States Constitution.

12

38. Defendant Dougherty is liable under both RLUIPA and and the First Amendment of the United States Constitution for depriving Plaintiff of religious exercise absent of any governmental interest pursuant foresaid federal statutes or laws

### Prior Lawsuit

Plaintiff has settled <u>Goode v. Blue</u>, 3:10 CV 135 (MRK) in 2012, which involved excessive use of force.

Plaintiff is currently litigating <u>Goode v. Quiros</u>, 3:12 CV 1205 (AVC), that which mirrors unrelated deprivations named herein.

Plaintiff has file <u>Goode v. Bruno</u>, survived Defendant's Motion for Summary Judgment and has been appointed Alan Neigher as counsel. This action involves a religious deprivation not identical to the claim made herein.

### Previously Dismissed Actions or Appeals

Plaintiff currently has no action on appeal.

13

Plaintiff had one action dismissed by an out-of-state court.

## Prayer for Relief

Wherefore, Plaintiff respectfully prays for relief as follows:

1. A declaratory judgment, compensatory and/or punitive award against Defendant Pufumi and Williams.

2. A full declaratory judgment against A. Griffin for flagrantly violating Plaintiff's Fourth Amendment Rights of a minimal and reasonable expectation of privacy.

3. A compensatory and/or punitive award for Defendant Griffin intentionally prolonging the duration of plaintiff being in chains and soiling himself as a result

4. Injunctive relief, enjoining defendants from unjustifiably depriving plaintiff of a previously approved religious practice

5. A declaratory judgment against Defendants

14

Dougherty and Erfi.

6. Damages to be awarded under the First Amendment for religious violation, caused by defendants Dougherty and Erfi.

7. Costs, Expenses, and attorney's fee

8. Any other relief as law and Equity may provide.

## Jury Demand

The plaintiff wishes to have a jury trial.

The Plaintiff, Jason Goode

*Jason Goode*

Corrigan Correction Center
986 Norwich-New London Turnpike
Uncasville, CT 06382

## Declaration Under Penalty of Perjury

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information is true and accurate.

Executed at <u>Uncasville</u>, Connecticut, on this <u>1st</u> day of March, 2015