```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JASON GOODE,                     :
   plaintiff,                    :
                                 :
      v.                         : Civil No. 3:15CV561(AVC)
                                 :
EDWARD MALDONADO, ET AL.,        :
   Defendants.                   :
```

## INITIAL REVIEW ORDER

The plaintiff, Jason Goode, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983. The court received the complaint on April 16, 2015. The plaintiff tendered the filing fee by payments received on April 16, 2015, and May 29, 2015. The plaintiff had filed a motion for extension of time to tender the full fee. That motion is granted nunc pro tunc.

In his original complaint, the plaintiff names six defendants, Edward Maldonado, Michael Pafumi, Tony Williams, Amy Griffin, Scott Erfi and Captain Dougherty. He seeks leave to file an amended complaint adding Captain Watson as a defendant and several additional claims. The motion to amend is granted.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.   Allegations

On April 2, 2012, correctional officials closed one housing unit at Northern Correctional Institution.  When the

2

defendant, Pafumi, asked the plaintiff whether he would accept a cellmate, the plaintiff refused.  Pafumi ordered a team of officers to remove the plaintiff from his cell and escort him to another housing unit where he was placed on in-cell restraints.  On April 3, 2012, the defendant, Williams, continued the restraint status despite the fact that the plaintiff was "stoic."  The plaintiff remained on this status for 2½ days during which time he soiled his clothing because he was not released to use the toilet. The plaintiff was placed on in-cell restraint status because he refused, in a non-violent manner, to accept a cellmate; he posed no physical danger to himself, others or property.

On June 5, 2012, the defendant, Griffin, ordered the plaintiff taken to a strip cell.  Although a male officer was in the area, Griffin ordered officers to strip search the plaintiff while she watched.  Following the search, the plaintiff was placed on in-cell restraints until the following morning.  The placement was the result of the plaintiff's previous disruptive conduct.  The plaintiff was not released to use the toilet and urinated on himself.  He was required to remain in this status for several hours after he became calm.  The plaintiff contends that Griffin lied about the incident and other factors to keep

him on in-cell restraints.  The restraints caused the plaintiff to lose sensation in areas of his hands.

The defendant, Maldonado, is aware of the practices of his officers in fabricating restraint checklists to keep inmates on in-cell restraint status for unwarranted periods of time.  The plaintiff submitted grievances to Maldonado about the time of the April 2, 2012 and June 5, 2012 incidents.

On September 14, 2012, officers deployed unreasonable and substantial amounts of a chemical agent against the inmate in the cell next to the plaintiff's.  The plaintiff began coughing and choking.  He shouted at the officers to stop the deployment and obtain medical attention for him but was ignored.  The plaintiff covered his cell-door window to attract the attention of correctional staff.  When Lieutenant Aurtz inquired, the plaintiff told him he needed medical attention because he could not breathe.  The plaintiff was taken to the medical screening room where he was examined and then taken to a secured shower stall until his cell was cleared of vapors.

The plaintiff challened the failure to remove uninvolved inmates from the tier before deployment of chemical agents.  When Maldonado was made aware of this issue, he denied the plaintiff's grievance.

4

In May 2014, the plaintiff was placed in restrictive housing at Corrigan Correctional Institution. Upon admission to the restrictive housing unit, his tarot cards were confiscated by an unidentified lieutenant. The plaintiff wrote to counselor Daly and the defendant, Dougherty, seeking the return of his tarot cards. Counselor Daly responded on behalf of Dougherty and stated that the cards would be returned to the plaintiff upon his release from restrictive housing. The defendant, Erfi, denied the plaintiff's grievance on this issue, citing reasonable penological concerns.

In March 2015, the defendant, Watson, denied the plaintiff his tarot cards while the plaintiff was confined in the restrictive housing unit at Cheshire Correctional Institution. Erfi upheld the denial of the grievance. Pursuant to the Tarot Cards Memorandum of Understanding and Use Agreement, which the plaintiff signed in April 2005, he is permitted to have tarot cards in his cell or immediate living area.

II. Analysis

The plaintiff asserts claims for violation of his right to privacy regarding Griffin's presence during the strip search, violation of his Eighth Amendment rights for unjustified use of in-cell restraints and second hand exposure to chemical agents,

and violation of his right to religious exercise under the First Amendment and the Religious Land Use and Institutionalized Persons Act for denial of his tarot cards in restrictive housing.

All of these claims will proceed at this time.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) **The clerk shall** verify the current work address of each defendant, Maldonado, Pafumi, Williams, Griffin, Erfi, Dougherty and Watson, with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the amended complaint to each defendant at the confirmed address within **twenty-one (21) days** from the date of this order.  The clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  **The clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)  **The clerk shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)  The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the federal rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

7

(6)   All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)   If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(9)   The plaintiff's motion for extension of time [**Doc. #5**] is **GRANTED** nunc pro tunc.

(10) The plaintiff's motion for order regarding service [**Doc. #6**] is **DENIED** as moot.

(11) The plaintiff's motion to amend [**Doc. #7**] is **GRANTED**. The clerk is directed to docket the amended complaint.

**SO ORDERED** this 26th day of August 2015 at Hartford, Connecticut.

```
     / s /
Alfred V. Covello
United States District Judge
```