**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**


JASON GOODE,                          :
    Plaintiff,                     :
                                   :
    v.                             :      CASE NO. 3:15-cv-561 (AVC)(WIG)
                                   :
EDWARD MALDONADO, et al.,              :
    Defendants.                    :


**RULING AND ORDER**

Pending are two motions to compel filed by the plaintiff
and three motions for extension of time filed by the defendants.

The plaintiff has filed a motion to compel and an amended
motion to compel.  The second motion was filed because certain
attachments were not included with the first motion.  Both
motions seek an order compelling the defendants to provide the
plaintiff a complete copy of his medical records commencing with
the 2012 incident underlying this case.

In response, the defendants state that, on May 23, 2016,
despite their objection to the request as overly broad and
unduly burdensome, they sent the plaintiff 1014 pages of his
medical records covering the period from March 29, 2011 through
January 16, 2016.  Counsel also stated that he was in the

process of obtaining medical records from January 17, 2016 to
the present and would send those records when they were
received.  The plaintiff concedes that he received the 1014
pages of records but states that he still has not received the
remaining records.

Motions to compel are governed by Rule 37 of the Federal
Rules of Civil Procedure and District of Connecticut Local Rule
37.  Both the federal and local rules require that, before
filing a motion to compel, the moving party must confer with
opposing counsel in a good faith effort to resolve the dispute.
The purpose of this rule is to encourage the parties to resolve
discovery disputes without court intervention.  See Doe v.
Mastoloni, 307 F.R.D. 305, 313 (D. Conn. 2015).  If discussions
are not successful, the local rule requires the party moving to
compel to submit an affidavit certifying the attempted
resolution and specifying which issues were resolved and which
remain.  D. Conn. L. Civ. R. 37(a). The plaintiff does not state
that he made any attempt to resolve the issue of the remaining
medical records with counsel and has not submitted the required
affidavit.

Local Rule 37(b)1 requires the moving party to file a
memorandum containing a concise statement of the nature of the
case, a specific verbatim listing of each item of discovery

sought and, immediately following each listing, setting forth the reasons why the item should be allowed.

The plaintiff states in his motion that his entire medical record is needed to "establish dates of injuries and states of mind." Doc. #42 at 3.  The only medical claims in the case are exposure to a chemical agent on September 14, 2012, when the chemical agent was used in a neighboring cell; being sprayed with a chemical agent in June 2012; and loss of sensation in his hands as a result of confinement in in-cell restraints in June 2012.  The Court cannot discern how medical records from 2016 will show the dates of his injuries in 2012, which already are known to the plaintiff, or show the state of mind of any defendant in 2012.  Thus, an order compelling production is not warranted.

Regardless, the defendants have agreed to provide the plaintiff a copy of his medical records and have already provided nearly all of the records, including all records from the relevant time period.  Accordingly, the plaintiff's motions to compel [**Docs. ##41, 42**] are **DENIED.**

The defendants have filed three motions for extension of time to respond to various other discovery requests served by the plaintiff.  These motions [**Docs. ##45, 46 and 47**] are **GRANTED.**  The defendants shall respond to the plaintiff's two

requests for production of documents, dated May 24, 2016, on or before August 8, 2016, and the plaintiff's interrogatories to defendant Williams, dated May 24, 2016, on or before September 8, 2016.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of July 2016.

*/s/ William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge