UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON GOODE, #228240 | : | CIVIL NO. 3:15-CV-00561-(AVC) |
| | : | |
| v. | : | |
| | : | |
| EDWARD MALDONALDO, ET AL. | : | JANUARY 6, 2017 |

**ANSWER AND DEFENSES**
**WITH JURY DEMAND**

The defendants answer plaintiff's <u>pro se</u> Amended Complaint, (Doc. #10), filed August 28, 2015, and plead as follows:

1. As to paragraph 1, it is admitted that this is a civil action brought pursuant 42 U.S.C § 1983, and any and all allegations of wrongdoing are denied.

2. As to paragraph 2, it is admitted that Jason Goode is a prisoner in the custody of the Connecticut Department of Correction (DOC) and is presently confined at the Northern Correctional Institution (NCI) in Somers, CT. The rest and remainder of said paragraph is denied.

3. As to paragraph 3, it is admitted that Edward Maldonado was the warden at NCI during the times alleged in the complaint and that at all times he was acting within the scope of his employment, under color of law, in an objectively legal manner and without knowledge he was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

4. As to paragraph 4, it is admitted that Michael Pafumi (Pafumi) was a correctional lieutenant at NCI and is now a captain at NCI. At all times he was acting within the scope of his employment, under color of law, in an objectively legal manner

and without knowledge he was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

     5.     As to paragraph 5, it is admitted that Tony Williams (Williams) was a correctional lieutenant at NCI. At all times he was acting within the scope of his employment, under color of law, in an objectively legal manner and without knowledge he was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

     6.     As to paragraph 6, it is admitted that Amy Griffin (Griffin) was a correctional lieutenant at NCI. At all times she was acting within the scope of her employment, under color of law, in an objectively legal manner and without knowledge she was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

     7.     As to paragraph 7, it is admitted that Scott Erfe (Erfe) was the warden at Corrigan-Radgowski Correctional Institution (CRCI). At all times he was acting within the scope of his employment, under color of law, in an objectively legal manner and without knowledge he was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

     8.     As to paragraph 8, it is admitted that Dougherty was a correctional captain at Corrigan-Radgowski Correctional Institution (CRCI). At all times he was acting within the scope of his employment, under color of law, in an objectively legal manner and without knowledge he was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

9. As to paragraph 9, is it admitted that Watson is a correctional captain at Cheshire Correctional Institution (CCI). At all times he was acting within the scope of his employment, under color of law, in an objectively legal manner and without knowledge he was in violation of any of the rights of the plaintiff. The rest and remainder of said paragraph is denied.

10. As to paragraphs 10, 11, 12 and 13, these paragraphs are legal arguments and defendants are without knowledge or information sufficient to form a belief, and leave plaintiff to his proof. To the extent they require a responsive pleading, they are denied.

11. As to paragraph 14, it is admitted Defendant Maldonado was aware of the in-cell restraint policy and the CN 6503 restraint checklist of that policy but denies that any aspect of the policy or the application of the policy was unlawful. The rest and remainder of said paragraph is denied.

12. As to paragraph 15, it is admitted that Defendant Maldonado was aware of the grievance which plaintiff filed, IGP#141-12-429, but the truth of the allegations in the grievance are denied, and any and all allegations of wrongdoing are denied.

13. As to paragraph 16, the defendants are without knowledge or information sufficient to form a belief, and leave plaintiff to his proof.

14. As to paragraph 17, it is admitted that Defendant Maldonado denied plaintiff's grievances and it is further denied that there was any deliberate misuse or misapplication of the restraint policy as it was applied to the plaintiff.

15. As to paragraphs 18, 19, 20, 21, 22, 23, 24 are omitted], 25, 26, 27, 28, 29, 30, and 31, the defendants are without knowledge or information sufficient to form a belief, and leave plaintiff to his proof.

16. As to paragraphs 32, 33, and 34, they are admitted; however, they are incomplete and the video of the incident speaks for itself.

17. As to paragraph 35, it is admitted that Pafumi instructed the plaintiff to come to "trap slot" and to submit to handcuffs. The rest and remainder of said paragraph is denied.

18. Paragraph 36 is denied as incomplete and inaccurate and for the reason that the video speaks for itself.

19. As to paragraph 37, the defendants are without knowledge or information sufficient to form a belief, and leave plaintiff to his proof.

20. As to paragraph 38, it is admitted that Pafumi on April 2, 2012 ordered the plaintiff be placed on in-cell restraints. The rest and remainder of said paragraph is denied.

21. As to paragraph 39, it is denied he was "left on this status for two and a half days" and as to the rest and remainder the defendants are without knowledge or information sufficient to form a belief, and leave plaintiff to his proof.

22. Paragraphs 40, 41, and 42 are denied except it is admitted that Griffin was a lieutenant that supervised other officers who conducted a strip search of the plaintiff. The rest and remainder of said paragraphs are denied.

23. Paragraphs 43, 44, 45, and 46 are denied.

24. As to paragraphs 47, 48, 49, 50, and 51 the defendants are without knowledge or information sufficient to form a belief, and leave plaintiff to his proof.

25. As to paragraph 52, it is admitted that Watson is a captain at CCI and when plaintiff was in RHU [Restrictive Housing Unit], plaintiff was denied his tarot cards. The rest and remainder of said paragraph is denied.

26. Paragraph 53 is denied for the reason that the grievance speaks for itself.

27. Paragraph 54 is denied for the reason that the memorandum speaks for itself and plaintiff was subject to all the disciplinary rules and restrictions based on his behavior, misconduct and placement in RHU.

28. Paragraph 55 is admitted.

29. Paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 are denied.

30. As to the rest and remainder of plaintiff's lawsuit, any and all prayers for relief are denied and any and all allegations of wrongdoing are denied.

## FIRST AFFIRMATIVE DEFENSE

At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith, within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to properly exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred for failure to exhaust.

### THIRD AFFIRMATIVE DEFENSE

The defendants lack the requisite personal involvement under 42 U.S.C. §1983 and *respondeat superior* is not available.

### FOURTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

The claims raised in the plaintiff's complaint fail to allege a plausible "physical injury" and thus under the PLRA, 42 U.S.C. §1997e(e), plaintiff is suing solely for alleged emotional injury, and thus, this action is barred, insofar as it seeks compensatory damages.

### SIXTH AFFIRMATIVE DEFENSE

Any injuries, losses or damages which the plaintiff may have incurred as alleged in the Amended Complaint were directly or proximately caused by the plaintiff's own negligence and/or intentional conduct, which was the sole cause of any alleged injuries and/or damages.

**DEFENDANTS' JURY DEMAND**

The defendants, pursuant to Rule 38 Fed. R. Civ. P, respectfully demand a trial by jury.

>DEFENDANTS
>Warden Maldonado, et al.
>
>GEORGE JEPSEN
>ATTORNEY GENERAL
>
>BY: */s/ Steven R. Strom*
>Steven R. Strom
>Assistant Attorney General
>110 Sherman Street
>Hartford, CT 06105
>Federal Bar #ct01211
>E-mail:  steven.strom@ct.gov
>Tel.: 860-808-5450
>Fax: 860-808-5591

**CERTIFICATION**

I hereby certify that on January 6, 2017, a copy of the foregoing Answer with Affirmative Defenses was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system   Parties may access this filing through the Court's system.  A copy was also mailed to the following:

Jason Goode, Inmate #228240
Northern Correctional Institution
287 Bilton Road
P.O. Box 100
Somers, CT 06071


       */s/ Steven R. Strom*
       Steven R. Strom
       Assistant Attorney General